WO

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JUDY P. LACEY, | ) | No. CV-09-01429-PHX-GMS |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) ) | |
| MALANDRO COMMUNICATION, INC., an Arizona corporation, and; LORETTA MALANDRO, an Arizona resident, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

This action was removed from the Maricopa County Superior Court on July 8, 2009. (Dkt. # 1.) After Plaintiff Judy P. Lacy ("Plaintiff") moved to remand this action back to state court (Dkt. # 7), Defendants brought a Motion to Dismiss portions of the amended complaint (Dkt. # 14). For the following reasons, the Court denies both Motions.[1]

**BACKGROUND**

Shortly after this case was removed to this Court pursuant to 28 U.S.C. § 1446(a), Defendants filed their first motion to dismiss (Dkt. # 6). On July 17, 2009, however, Plaintiff amended her complaint, making the motion to dismiss moot (*See* Dkt. # 9). In her amended

---

[1]Both Plaintiff and Defendants have requested oral argument. Those requests are denied because the parties have adequately discussed the law and the evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

complaint, Plaintiff alleges five counts against her former employer, Malandro Communication (the "Company") and Loretta Malandro ("Ms. Malandro"), the Company's owner. (*Id.*) In Count I, Plaintiff alleges a claim arising under the Fair Labor Standards Act. (*Id.*) Count II alleges failure to pay wages under Arizona Revised Statute § 23-355. (*Id.*) Count III alleges a claim for unjust enrichment, and Court IV alleges a wrongful termination claim. (*Id.*) In Count V, Plaintiff seeks to pierce the corporate veil to recover from Ms. Malandro any damages assessed against the Company. (*Id.*)

On July 15, 2009, Plaintiff filed a Motion to Remand this action back to Arizona state court. (Dkt. # 7.) Subsequently, Defendants renewed their Motion to Dismiss on August 3, 2009. (Dkt. # 14.) Defendants' Motion seeks dismissal of Count Five as against all Defendants and dismissal of Ms. Malandro from Counts Two through Four. (*See id.* at 2–3.)

**DISCUSSION**

**I. Plaintiff's Motion to Remand is Denied**.

As her sole basis for remand, Plaintiff argues that Defendants did not timely file their notice of removal with this Court. (*See* Dkt. # 7 at 1–2.) Under 28 U.S.C. § 1446(b), any notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Here, Plaintiff asserts that Defendants notice was untimely for two reasons: (1) the notice of removal was filed more than thirty days after Defendants received a courtesy email version of the complaint; and (2) Plaintiff allegedly mailed a copy of her complaint to Defendants' counsel fifty-five days before the notice of removal was filed. Neither of these assertions provides a basis for remand.

      **A.**      **Plaintiff's Email Did not Trigger § 1446's Thirty-Day Notice Period.**

The United States Supreme Court has held that a defendant's receipt of a complaint only triggers 28 U.S.C. § 1446(b)'s removal period if proper service has been effected when the complaint is received. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Even though the defendant in *Murphy* received a faxed copy of the complaint, the Court held that the thirty-day removal period did not begin to run because the defendant

- 2 -

had not yet been served. *Id.* Instead, the Court required service of process before the removal period could begin. *Id.* According to the Court, "the various state provisions for service of the summons and the filing or service of the complaint fit into one or another of four main categories." *Id.* at 354. These four possibilities are as follows:

> First, if the summons and complaint are served together, the 30-day period for removal runs at once. Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.

*Id.* In other words, the Supreme Court rejected the argument that notice of the complaint prior to service triggers § 1446(b)'s removal period. *Id.*; *see also Cachet Residential Builders, Inc. v. Gemini Ins.*, 547 F. Supp.2d 1028, 1031 (D. Ariz. 2007) (holding that "[a]n interpretation of Section 1446(b) that mere notice was sufficient to trigger removal requirements for multiple defendants not actually served runs counter to . . . *Murphy*").

Here, the complaint was filed in state court prior to service, and Defendants received a courtesy copy of plaintiff's complaint via email on June 3, 2009. The time period for filing notice of removal, however, did not begin to run until Defendants were properly served. Service of process was effected on June 22, 2009—the date that Defendants officially waived service. Thus, Defendants timely filed their notice of removal on July 8, 2009 because the notice was filed within thirty days after service of process.

**B. Plaintiff's Mailed Copy of the Complaint Did Not Trigger § 1446's Thirty-Day Notice Period.**

Plaintiff also asserts an alternative theory for remand. (*See* Dkt. # 11.) In her reply brief,[2] Plaintiff argues that Defendants had already been served when they received the email

---

[2] Generally, "[i]ssues that are not specifically and distinctly argued and raised in a party's opening brief are waived." *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (citation omitted). Yet, because a liberal reading of Plaintiff's

version of the complaint because Plaintiff mailed a copy of the complaint to Defendants' counsel on May 15, 2009. (*See id.*) To support this argument, Plaintiff points out that under Arizona Rule of Civil Procedure 5(c), service of a paper or document can be effected by "mailing it via U.S. mail to the person's last know[n] address—in which event service is complete upon mailing . . . ." *See* Ariz. R. Civ. P. 5(c). Plaintiff's argument, however, has been squarely rejected by the Arizona courts.

Under Arizona law, mailing the *initial* complaint to a defendant's attorney does not constitute service until the Defendant formally accepts or waives service. *See Morgan v. Foreman*, 193 Ariz. 405, 407, 973 P.2d 616, 618 (Ct. App. 1999). In *Morgan*, the Arizona Court of Appeals observed that Arizona Rule of Civil Procedure 5(c) does not apply to service of the initial complaint. *Id.* at 407, 973 P.2d at 618. The court explained, "Rule 5(c) . . . is titled, 'Service After Appearance; Service After Judgment; How Made,' which indicates that it does not apply to service of the initial complaint." *Id.* The court concluded that Arizona Rule of Civil Procedure 4, rather than Rule 5, controls the service of the initial complaint. *Id.* Under Rule 4(f),

> The person to whom a summons or other process is directed may accept service, or waive issuance of service thereof, in writing, signed by that person or that person's authorized agent or attorney . . . . Such waiver, acceptance or appearance shall have the same force and effect as if a summons had been issued and served.

*See* Ariz. R. Civ. P. 4(f). Similarly, Rule 4.2(d)(4) provides that "[w]hen the plaintiff files a waiver of service with the court, the action shall proceed . . . as if the summons and complaint had been served at the time of filing the waiver . . . ." Ariz. R. Civ. P. 4.2(d)(4). In other words, where service of the initial complaint is waived, service of process is considered to be effective from the time that service is formally waived.

---

Motion to Remand could be construed to raise this argument, the Court will address the merits of Plaintiff's argument. And, because Plaintiff's argument is not clearly articulated in her opening brief, the Court grants Defendants' Motion for Leave to File a Surreply (Dkt. # 12.) Hence, the Court has considered Defendants' lodged surreply (Dkt. # 13) and Plaintiff's response to the surreply (Dkt. # 17).

In this case, Plaintiff allegedly sent Defendants' attorney a copy of the complaint as well as a form to waive service of process on May 15, 2009.[3] Under Rules 4(f) and 4(d), however, service was not effective until Defendants signed Maricopa County Superior Court's official waiver of service form. *See Morgan*, 193 Ariz. at 407, 973 P.2d at 618; Ariz. R. Civ. P. 4.2(d). The form was signed and notarized on June 22, 2009; thus, Defendants timely sought removal on July 8, 2009.[4]

Moreover, the Court rejects Plaintiff's contention that the initial mailing constitutes service in spite of *Morgan*. Here, Plaintiff argues that Defendants "agreed in a signed letter to 'accept service for both . . . [Ms.] Malandro and the Company under Ariz. R. Civ. P. 4.2(d)' *before* the complaint was even filed." (Dkt. # 17 at 3.) Plaintiff further points out that Rule 4.2(d) specifically provides that a notice and request for waiver of service of the summons "shall be dispatched through first-class mail or other reliable means." *See* Ariz. R. Civ. P. 4.2(d). (Dkt. # 17 at 3–4.) While Defendants' letter might have manifested amenability to waiver of service, the letter did not make service of process effective from the date that Plaintiff mailed the original complaint to Defendants. Again Rule 4.2(d)(4), provides, "When the plaintiff files a waiver of service with the court, the action shall proceed . . . as if the summons and complaint had been served *at the time of filing the waiver* . . . ." *See* Ariz. R. Civ. P. 4.2(d)(4). No waiver of service was filed with the state court until at least

---

[3]Defendants claim that they never received the May 15, 2009 complaint and waiver form. Plaintiff, therefore, sent a second copy on June 15, 2009.

[4]While Rule 4.2(d) provides that the waiver is effective from the time of filing, *Morgan* indicates that waiver would be effective from the time that a defendant expressly accepts and waives formal service in writing. Further Maricopa County Superior Court's waiver of service form, GN22f, implies that service is effective from the time of acceptance. (*See* Dkt. # 7, Ex. 1 at Attach. D.) Here, the Court, need not decide whether the waiver is effective from the moment the waiver form is signed or from the time that the form is filed. The official wavier form was not signed until June 22, 2009, and it was not filed until sometime thereafter. Hence, either way, Defendants' notice of removal on July 8, 2009 was timely.

June 22, 2009, which was less than thirty days before Defendants filed their notice of removal on July 8, 2009.

## II. Defendants' Motion to Dismiss is Denied.

Having determined that removal was proper, the Court now turns to Defendants' Motion to Dismiss. (Dkt. # 14.) Here, the Court denies the Motion because it primarily relies on documents and affidavits that are external to Plaintiff's amended complaint. After these external documents are excluded, Defendants' 12(b)(6) motion fails on the merits.

### A. The Court Declines to Convert Defendants' Rule 12(b)(6) Motion into a Motion for Summary Judgment.

As a preliminary matter, the Court will not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) motion to dismiss absent specific exceptions. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (amended decision). Under one such exception, courts have "discretion to accept and consider extrinsic materials offered in connection with [a motion to dismiss], and to convert the motion to one for summary judgment when a party has notice that the district court may look beyond the pleadings." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007) (citing *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir.1981)). Rule 12(d) specifically provides:

> If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All of the parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). Relying on this exception, Defendants assert in their reply brief that the Court should convert their 12(b)(6) Motion to Dismiss into a Rule 56 motion for summary judgment. (Dkt. # 25 at 2.)

The Court, however, refuses to convert the Motion to Dismiss into a motion for summary judgment because Plaintiff has not had "a reasonable opportunity to present all the material that is pertinent to the motion." *See* Fed. R. Civ. P. 12(d). Until their reply, Defendants did not provide a clear indication to Plaintiff that they were seeking summary

1 judgment. (*See* Dkt # 25.) Defendants' filing is clearly labeled as a Rule 12(b)(6) motion to dismiss, and Plaintiff's response treats the motion as such. (*See* Dkt. ## 14, 22.) Converting Defendants' Motion into one for summary judgment would be premature at this point in the case. The record discloses no discovery conducted since the case's initial filing in state court in May or following its removal to this Court in July. Accordingly, "[i]t is doubtful that Plaintiff[] h[as] had any opportunity to gather and present all material pertinent to the extensive factual offerings that accompany [Defendants'] motion to dismiss." *See Roberts v. Carton*, 2008 WL 5155649 at *2 (D. Or. December 8, 2008). Hence, the Court will not consider Defendants submissions that fall outside the pleadings in resolving the Motion to Dismiss.

**B. Defendants' Motion to Dismiss Fails on the Merits.**

To survive a dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (internal citation and quotation omitted). And, while "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

Here, Defendants argue that Plaintiff's Counts II, III, and IV fail as against Ms. Malandro because Plaintiff fails to adequately plead that Ms. Malandro was ever her employer. Next, Defendants assert that Plaintiff's Count V fails against both the Company and Ms. Malandro because Plaintiff had not plead sufficient facts to state a claim for piercing the corporate veil. (Dkt. # 14.) Both of Defendants' arguments are without merit.

**1. Counts II, III, and IV**

With respect to Counts II, III, and IV, Defendants concede most of the essential elements of these claims; instead, they only argue that Plaintiff has not properly pled that Ms. Malandro was her employer. Nevertheless, under *Twombly* and *Iqbal*, the Court finds that the amended complaint contains sufficient factual allegations to "allow[] the [C]ourt to draw the reasonable inference" that Ms. Malandro was Plaintiff's employer. *See Iqbal*, 129 S. Ct. at 1949. In the amended complaint, Plaintiff alleges that she was employed by both the Company and Ms. Malandro. (Dkt. # 9 at ¶ 39.) Plaintiff further alleges that she worked as Ms. Malandro's "personal errand girl" (Dkt. # 9 at ¶ 10.) The complaint then alleges that Plaintiff's "primary duties were shopping, returning purchased items, taking [Ms. Malandro's] car for repairs, and generally being at the beck and call of [Ms. Malandro] 24-hours a day, seven days a week." (*Id.* at ¶ 11.) Accordingly, the Court finds that there is "facial plausibility" that Ms. Malandro was plaintiff's employer. *See Iqbal*, 129 S. Ct. at 1949.

The Court also rejects Defendants' argument that Plaintiff is estopped from claiming that Ms. Malandro was her employer because Plaintiff indicated in the first paragraph that she "was hired by [the] Company." (*See* Dkt. # 9 at ¶ 1.) Here, Defendants argue that this statement constitutes a judicial admission and prohibits Plaintiff from arguing that Ms. Malandro was her employer. (Dkt. # 14 at 13–14.) When read as a whole, the amended complaint does not rely exclusively on the theory that the Company was Plaintiff's employer; instead, Plaintiff argues in the alternative that Ms. Malandro was her employer. Nevertheless, even if Plaintiff is bound by an admission that she was employed by the Company, this statement does not preclude the possibility that Plaintiff was also jointly employed by Ms. Malandro.

And, while Defendants bring additional evidence suggesting that the Company, rather than Ms. Malandro, employed Plaintiff, these extrinsic documents cannot be the basis for granting a motion to dismiss. Here, all "allegations of material fact are taken as true and

- 8 -

construed in the light most favorable to the plaintiff." *William O. Gilley Enters. Inc. v. Atl. Richfield Co.*, 561 F.3d 1004, 1013 (9th Cir. 2009) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)). Accordingly, because Plaintiff has alleged facts in her complaint indicating that Ms. Malandro was her employer, Defendants' Motion to Dismiss is denied with respect to Counts II, III, and IV.

### 2. Count V

With respect to Count V, Defendants argue that Plaintiff has not pled sufficient facts to piece the corporate veil under Arizona law. In Count V, Plaintiff must plead facts that "allow[] the [C]ourt to draw the reasonable inference," *see Iqbal*, 129 S. Ct. at 1949, that (1) the Company is the "alter ego" of a person and (2) that observing the corporate form would cause a "fraud or injustice." *See Gatecliff v. Great Republic Life Ins. Co.*, 170 Ariz. 34, 39, 821 P.2d 725, 730 (1991).

As to the first element, Defendants merely provide facts external to the complaint to support their argument that the Company was not Ms. Malandro's alter-ego. The Court, however, cannot consider these external facts on a 12(b)(6) motion to dismiss. Under Arizona law "[t]he alter-ego status is said to exist when there is such unity of interest and ownership that the separate personalities of the corporation and owners cease to exist." *Dietel v. Day*, 16 Ariz.App. 206, 208, 492 P.2d 455, 457 (Ct. App. 1972). Therefore, taking the facts in the amended complaint as true, Plaintiff has pled sufficient facts to survive the Motion to Dismiss. The amended complaint alleges that the Company is a shell corporation that was undercapitalized and that it does not possess sufficient assets to satisfy Plaintiff's judgment. (Dkt. # 9 at ¶ 53.) Plaintiff further alleges that Ms. Malandro is the sole and executive shareholder of the company and that she failed to maintain the requisite corporate formalities. (Dkt. # 9 at ¶¶ 51, 60). The amended complaint also alleges that Ms. Malandro intentionally drained the Company of any assets, misused corporate funds to perform exclusively personal tasks, and misreported income to the Internal Revenue Service. These allegations are sufficient to raise "facial plausibility," *see Iqbal*, 129 S. Ct. at 1949, that Ms. Malandro

exercised such "interest and ownership that the separate personalities of the [Company] and [Ms. Malandro] cease[d] to exist." *See Dietel*, 16 Ariz. at 208, 492 P.2d at 457.

Similarly, Plaintiff adequately pleads facts suggesting "fraud or injustice." *See Gatecliff*, 170 Ariz. at 39, 821 P.2d at 730 (1991); *Chapman v. Field*, 124 Ariz. 100, 103, 602 P.2d 481, 484 (Ariz. 1979).[5] Here, Plaintiff has alleged that Ms. Malandro intentionally undercapitalized the Company to prevent Plaintiff and others from recovering a judgment from the Company. (Dkt. # 9 at 54.) In addition, Plaintiff has alleged that Ms. Malandro misused Company funds by hiring employees such as Plaintiff "to perform exclusively personal tasks" and then misreporting such income and expenses to the IRS. (Dkt. #9 at ¶ 56.) Assuming these facts are true, as the Court must, this is "'enough . . . to state a claim'" for piercing the corporate veil "'that is plausible on its face.'" *Clemens*, 534 F.3d at 1022 (quoting *Twombly*, 550 at 570). Moreover, as facts external to the complaint cannot be considered in a 12(b)(6) motion to dismiss, Defendants remaining arguments for dismissal are without merit.

## CONCLUSION

For the foregoing reasons, the Court holds that Plaintiff has failed to provide any basis for remand. In addition, Defendants have not presented a basis for dismissing Plaintiff's claims.

**IT IS THEREFORE ORDERED**:

(1) Defendants' Motion to Dismiss Party Loretta Malandro (Dkt. # 6) is **DENIED** as Moot;

(2) Plaintiff's Motion to Remand to State Court (Dkt. # 7) is **DENIED**;

---

[5]The parties disagree about the degree of fraud or injustice necessary to pierce the corporate veil under Arizona law. While Defendants argue that Plaintiff must demonstrate fraud or injustice amounting to fraud, Plaintiff argues that a mere showing of injustice is sufficient. At this time, however, there is no need to resolve this question because Plaintiff's amended complaint pleads sufficient facts to survive under either standard.

(3) Defendants' Motion for Leave to File Surreply in Opposition to Plaintiff's Motion for Remand (Dkt. # 12) is **GRANTED**;

(4) Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. # 14) is **DENIED** as set forth in this Order;

(5) Defendants request to strike (Dkt. # 19 at 4) is **GRANTED**. Plaintiff's exhibits 1–2 attached to the Response in Opposition to Defendants' Motion for Leave to File a Surreply (Dkt. # 17, Ex. 1–2) shall be stricken from the record;

(6) Both parties' requests for sanctions (*See* Dkt ## 7 at 4; 13 at 3) are **DENIED**.

DATED this 8th day of December, 2009.

_____
G. Murray Snow
United States District Judge